1

2

3

4

5

6

7

8

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

ASHLEY WRIGHT and MERRIMAN BLUM,
individually and on behalf of all others
similarly situated,

　　　　　　　　Plaintiffs,

　　v.

AMAZON.COM, INC., a Delaware
corporation,

　　　　　　　　Defendant.

Case No. 2:25-cv-00977-JLR

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

16

17

18

19

　　　　Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 26(f), and the Court's

Order of July 10, 2025 (ECF No. 14), Plaintiffs Ashley Wright and Merriman Blum and Defendant

Amazon.com, Inc. (together, the "Parties"), by and through their undersigned counsel, hereby

submit the following Joint Status Report and Discovery Plan.

20

21

**1.**　　**Nature and Complexity of the Case**

　　　　**(A)**　　**Plaintiffs' Statement**

22

23

24

25

26

27

　　　　Plaintiffs allege that Amazon is selling more than a dozen varieties of rice that are

contaminated with alarmingly high levels of arsenic, cadmium, lead, and/or mercury. There is no

known safe amount of these heavy metals, which can cause cancer, organ damage, and

miscarriages. Amazon sells contaminated rice with no warning whatsoever that the rice contain

heavy metals, or about the dangers those metals pose. This is material information to any

28

**HAGENS BERMAN**

1   reasonable consumer, but especially to the millions of consumers purchasing rice for consumption

2   by children, who are particularly susceptible to the harmful effects of heavy metals.

3        Named Plaintiffs purchased one of the Rice Products found to have high levels of heavy

4   metals from Amazon. On behalf of a proposed consumer class, Named Plaintiffs assert claims

5   under Washington's Consumer Protection Act, as well as a common-law fraudulent concealment

6   claim. To hold Amazon accountable for its conduct, and to protect consumers from further harm,

7   Plaintiffs seek injunctive relief, damages, restitution, and all other available remedies.

8        **(B)    Defendant's Statement**

9        Plaintiffs allege that various third-party brands of rice available for purchase in the

10  Amazon.com store contain heavy metals, such as arsenic, cadmium, lead, and mercury.  Plaintiffs

11  contend that Amazon's failure to disclose to consumers that those rice products may contain heavy

12  metals constitutes a violation of the Washington Consumer Protection Act ("WCPA"), Wash. Rev.

13  Code § 19.86, *et seq.*, and fraudulent concealment under Washington law.  Defendant Amazon

14  denies Plaintiffs' allegations and disputes that it is liable under either of the causes of action

15  asserted in the Complaint.

16       On July 25, 2025, Amazon filed a Motion to Dismiss Plaintiffs' Class Action Complaint,

17  in which it requests that the Court dismiss Plaintiffs' Complaint in its entirety and with prejudice.

18  (*See* ECF No. 15).  As set forth in Amazon's Motion, Plaintiffs' claims fail on the pleadings and

19  as a matter of law for several independent reasons, including: (1) Plaintiffs lack Article III standing

20  to pursue claims against Amazon; (2) Plaintiffs' omission-based claims fail because, under

21  Washington law, Amazon has no duty to disclose publicly known and easily discoverable

22  information, and Plaintiffs' Complaint confirms that the potential presence of heavy metals in rice

23  has been studied and publicly reported on since at least 2012; (3) the Complaint fails to plead fact-

24  based allegations plausibly supporting injury or causation, both essential elements of Plaintiffs'

25  WCPA and fraudulent concealment claims; (4) the Complaint provides no factual detail regarding

26  Plaintiffs' alleged rice purchases and, thus, does not satisfy Rule 9(b)'s heightened pleading

27  standard; and (5) Plaintiffs' claims are barred by operation of the Communications Decency Act,

28  47 U.S.C. § 230.  Under the currently operative schedule, Plaintiffs' Opposition to Amazon's

JOINT STATUS REPORT AND DISCOVERY PLAN – 2
Case No. 2:25-cv-00977-JLR

**HAGENS BERMAN**

1    Motion is due on August 22, 2025, and Amazon's Reply is due on September 12, 2025.  (*See* ECF

2    No. 13).

3        Plaintiffs have indicated that, rather than oppose Amazon's Motion, they will be taking

4    their amendment as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B), and filing an Amended

5    Complaint on or before August 22, 2025.  While Amazon does not know what changes Plaintiffs

6    intend to make to their allegations and claims, several of the grounds for dismissal outlined in

7    Amazon's Motion to Dismiss present legal issues that are not curable—such as the lack of any

8    duty to disclose.  As a result, Amazon anticipates that it will be filing a further Motion to Dismiss

9    the Amended Complaint.  As set forth in Section 4(B)2.ii below, the Parties have agreed on the

10   following briefing schedule: (1) Amazon will file its Motion to Dismiss by September 26, 2025;

11   (2) Plaintiffs will file their opposition to Amazon's Motion by October 24, 2025; and (3) Amazon

12   will file its reply in support of its Motion to Dismiss by November 14, 2025.

13       Even if Plaintiffs' claims survive Amazon's Motion to Dismiss, Amazon contends that

14   Plaintiffs' claims will fail on the facts.  Accordingly, if this action proceeds beyond the pleadings

15   stage, Amazon anticipates that it will file a motion for summary judgment, whether in full or in

16   part, at an appropriate time.  Furthermore, Amazon expects that Plaintiffs will be unable to present

17   evidence establishing each of the requirements of Rule 23 of the Federal Rules of Civil Procedure

18   and, thus, contends that Plaintiffs' putative class claims are not suitable for class certification.

19   **2.**    **Deadline for Joining Additional Parties**

20       The Parties propose that the deadline for adding additional parties be 30 days after the

21   Court's ruling on any motion to dismiss Plaintiffs' forthcoming Amended Complaint, or, if

22   Amazon answers, 30 days after Amazon answers the Amended Complaint.

23   **3.**    **Magistrate Judge**

24       No.

25   **4.**    **Discovery Plan**

26       **(A)**    **Initial Disclosures**

27       In accordance with the schedule set by the Court, the Parties exchanged initial disclosures

28   on August 7, 2025.

**HAGENS BERMAN**

1

**(B)**     Subjects, Timing, and Potential Phasing of Discovery

2

       **1.**  *Subjects on Which Discovery May Be Needed*

3

    **Plaintiffs' Statement.**  Plaintiffs anticipate seeking discovery of information related to

4

Amazon's sale of the Rice Products at issue, including the presence or risk of the presence of heavy

5

metals in the Rice Products; the marketing, labeling, and packaging of the Products; Amazon's

6

quality control policies and requirements; sales data; and internal and external communications

7

regarding the presence or risk of presence of heavy metals in the Rice Products listed in the

8

Complaint.

9

    **Defendant's Statement**.  As set forth below, it is Amazon's position that discovery should

10

be stayed pending a ruling on Amazon's Motion to Dismiss.  In the event discovery goes forward,

11

Amazon anticipates that it will seek discovery from Plaintiffs on the following general subjects:

12

(1) Plaintiffs' purchase of Iberia Basmati 100% Aged Original Rice and other Rice Products,

13

whether from the Amazon.com store or other sources; (2) Plaintiffs' use, consumption, and/or

14

testing of Iberia Basmati 100% Aged Original Rice and other Rice Products; (3) the claims and

15

allegations in Plaintiffs' Complaint; (4) Plaintiffs' accounts with Amazon.com, including, but not

16

limited to, transaction, purchase, return, and subscription histories; and (5) any other information

17

that may be relevant to the Plaintiffs' individual and putative class claims, Plaintiffs' anticipated

18

motion for class certification, the elements of class certification, or Amazon's defenses in this

19

action.   Amazon's investigation is ongoing.   Accordingly, Amazon reserves the right to

20

supplement this list and take additional discovery as necessary as the case proceeds.

21

       **2.**  *Timing and Phasing of Discovery*

22

      The Parties disagree as to whether discovery should be stayed pending resolution of

23

Amazon's Motion to Dismiss or should begin immediately.  The Parties set forth their respective

24

positions in subsection (i) below.

25

      In the event that the Court does not stay discovery, the Parties otherwise generally agree

26

on the proposed structure and phasing of a discovery schedule and motion practice.  The Parties

27

envision an initial phase in which Requests for Production are served and the Parties negotiate

28

**HAGENS BERMAN**

(a) an ESI Protocol, and (b) a Protective Order.[1] Negotiation of custodians and search terms will proceed in parallel, with the aim of commencing rolling document productions as soon as practicable after discovery commences. The Parties would then engage in expert discovery related to class certification and mixed merits/certification issues and briefing on Plaintiffs' anticipated motion for class certification and related *Daubert* motions. After the Court rules on Plaintiffs' anticipated motion for class certification and any *Daubert* motions, the Parties would then engage, as needed, in further fact discovery, expert merits discovery, dispositive and *Daubert* motion practice, and pre-trial and trial proceedings.

i. **Stay of Discovery Pending the Court's Ruling on Amazon's Motion to Dismiss**

A. Plaintiffs' Position

Plaintiffs propose that discovery in this case proceed according to the standard schedule set forth in the Federal Rules of Civil Procedure. Amazon's only justification for a stay of discovery is that it has filed a motion to dismiss. But "[a] pending motion to dismiss is generally not grounds for staying discovery." *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *1 (W.D. Wash. Mar. 6, 2020) (Robart, J.). "Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect." *Id.* (quoting *Old Republic Title, Ltd. v. Kelley*, No. C10-0038JLR, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010) (Robart, J.)).

Amazon's argument that a discovery stay would promote efficiency and conserve resources assumes that its motion to dismiss will be granted. That assumption "is insufficient" to justify a stay, "as speculation does not satisfy Rule 26(c)'s good cause requirement." *Id.* at *2. If the court denies Amazon's motion to dismiss the Amended Complaint, "a stay of discovery would unnecessarily delay the litigation." *Id.*

Plaintiffs intend to file an Amended Complaint on August 22, 2025, per ECF No. 13. Although the Amended Complaint will address any deficiencies identified in Amazon's Motion to

---

[1] Whether or not discovery is stayed, Amazon agrees to negotiate and submit to the Court an ESI Protocol and a stipulated Protective Order per the proposed schedule set forth below.

HAGENS BERMAN

Dismiss, Amazon will likely move to dismiss the Amended Complaint. Staying discovery until resolution of Amazon's motion to dismiss the Amended Complaint will postpone the start of discovery by several months, creating an "unnecessary and significant delay[] at the outset of the litigation." *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 716840, at *1 (W.D. Wash. Mar. 10, 2022) (denying Amazon's motion to stay discovery pending resolution of its motion to dismiss); *see also Dorian v. Amazon Web Servs., Inc.*, No. 2:22-cv-00269, 2022 WL 3155369, at *1–2 (W.D. Wash. Aug. 8, 2022) (similar).

Moreover, several of the arguments asserted in Amazon's motion to dismiss the initial complaint are essentially factual in nature and therefore inappropriate for a resolution a motion to dismiss. These arguments will "require fact-based analyses that discovery would inform." *Dorian*, 2022 WL 3155369, at *2. For example, Amazon argues that Plaintiffs' claims are precluded by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). ECF No. 15 at 18. Amazon asserts that the "content of the Rice Products' product detail pages was created and provided by third parties, not Amazon." *Id.* at 19. But Plaintiffs allege that Amazon "created, oversaw, and/or authorized" marketing that did not disclose the presence of heavy metals in the Rice Products, ECF No. 1 ¶ 20, and that "Amazon controls [the] Product Detail Pages" of the Rice Products at issue, *id.* ¶ 91. Discovery into Amazon's involvement in the creation and/or authorization of the marketing that appears on its Product Detail Pages will therefore be appropriate and relevant to the resolution of any motion to dismiss Plaintiffs' forthcoming Amended Complaint.

Amazon's argument that it has no duty to disclose the presence of heavy metals in its Rice Products is also a fact-bound argument that is a proper subject for discovery. Plaintiffs' consumer protection claim is based on what reasonable consumers knew about the Rice Products, not on what government regulators or food safety experts knew. And Plaintiffs plead that they did not know that the Rice Products they purchased on Amazon contained heavy metals. ECF No. 1 ¶¶ 14, 16. Courts routinely deny motions to dismiss based on an argument that the defendant had no duty to disclose the presence of heavy metals, allowing for discovery on what the parties knew. *See, e.g.*, *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1173 (S.D. Cal.

**HAGENS BERMAN**

2024) ("The CAC sufficiently alleges Plaintiffs did not have knowledge that the Products contained Heavy Metals and that Defendant did. At this stage of the proceeding, the Court is not inclined to find as a matter of law that Plaintiffs should have known about the Heavy Metals in the Products."); *Seutter v. Mead Johnson Nutrition Co.*, 763 F. Supp. 3d 783, 794 (D. Minn. 2025) (finding similar allegations "enough at this stage of the litigation").

Against this backdrop, a stay of discovery pending a resolution of a motion to dismiss would only serve to delay the litigation and would prejudice Plaintiffs, who are seeking injunctive relief that would require Amazon to disclose the presence of heavy metals in Rice Products to unknowing consumers. *Del Vecchio v. Amazon.com*, 2011 WL 1585623, at *1 (W.D. Wash. Apr. 27, 2011) (denying motion to stay discovery pending resolution of a motion to dismiss because "plaintiffs could suffer prejudice by a potentially lengthy discovery stay, in part because they seek to enjoin on-going allegedly wrongful conduct"); *Dorian*, 2022 WL 3155369, at *2.

B. Defendant's Position

Amazon proposes that the Court stay discovery in this case pending resolution of its Motion to Dismiss Plaintiffs' Class Action Complaint and, if Plaintiffs file an Amended Complaint as they note, resolution of Amazon's anticipated Motion to Dismiss Plaintiffs' Amended Complaint.

Courts in the Western District of Washington regularly stay discovery where the pending motion is "potentially dispositive of the entire case," additional discovery is not needed for resolution of the motion, and "a short stay may preserve the parties' resources in the event the Motion to Dismiss is granted." *In re Amazon Prime Video Litig.*, No. 2:24-cv-186, 2025 WL 254546, at *2 (W.D. Wash. Jan. 21, 2025); *see also Taylor v. Amazon.com, Inc.*, No. 2:24-cv-00169-MJP, 2024 WL 3346220, at *1 (W.D. Wash. Jul. 9, 2024) (granting motion to stay discovery pending resolution of Amazon's motion to dismiss). Each of those factors is met here.

First, Amazon's Motion to Dismiss, if granted, will dispose of all claims in the case. In its currently pending Motion to Dismiss, Amazon seeks dismissal of all claims on a number of independent grounds. (*See* ECF No. 15.) Those include the following: (1) Plaintiffs lack Article III standing to pursue claims against Amazon; (2) Plaintiffs' omission-based claims fail because, under Washington law, Amazon has no duty to disclose publicly known and easily discoverable

HAGENS BERMAN

1  information, and Plaintiffs' Complaint confirms that the potential presence of heavy metals in rice

2  has been studied and publicly reported on since at least 2012; (3) the Complaint fails to plead fact-

3  based allegations plausibly supporting injury or causation, essential elements of Plaintiffs' claims;

4  (4) the Complaint provides no factual detail regarding Plaintiffs' alleged rice purchases and, thus,

5  does not satisfy Rule 9(b)'s heightened pleading standard; and (5) Plaintiffs' claims are barred by

6  operation of the Communications Decency Act, 47 U.S.C. § 230 ("CDA"). Each of these grounds

7  is independently dispositive of all causes of action asserted against Amazon. And while Plaintiffs

8  may be able to cure some of these deficiencies through their Amended Complaint, the lack of a

9  legal duty to disclose cannot be cured, will be raised in Amazon's Motion to Dismiss the Amended

10  Complaint, and will ultimately dispose of this case.

11  Second, no discovery is necessary to resolve Amazon's Motion to Dismiss and dispose of

12  Plaintiffs' claims because the grounds for dismissal are either (i) legal in nature or (ii) strictly

13  pleading-based. As to the former, Amazon has explained in its Motion to Dismiss that there is no

14  duty to disclose under Washington law and, thus, Plaintiffs cannot plead actionable claims for

15  violation of the WCPA or for fraudulent concealment. This presents a straightforward legal

16  argument that is dispositive of all of Plaintiffs' claims and cannot be cured. Amazon's other

17  arguments are all strictly pleading-based and do not require discovery or factual development.

18  While Plaintiffs suggest otherwise by arguing that Amazon's CDA argument implicates a factual

19  inquiry, they are off the mark. Amazon's CDA argument is based on *what Plaintiffs have pled*,

20  and nothing more. Courts routinely grant motions to dismiss based on the CDA, and there is

21  nothing preventing the Court from doing the same here. *See, e.g.*, *Kimzey v. Yelp! Inc.*, 836 F.3d

22  1263, 1266 (9th Cir. 2016) (affirming decision granting motion to dismiss based on immunity

23  under the CDA). Put simply, discovery is not required to dispose of Amazon's arguments, which

24  tips the scales in support of a stay. *See Flaxman v. Ferguson*, No. C23-1581, 2023 WL 8598810,

25  at *1–2 (W.D. Wash. Dec. 12, 2023) (granting stay of discovery "[b]ecause the pending motion to

26  dismiss could result in dismissal of all claims against Defendants, and because the motion can be

27  decided without discovery").

28  Finally, Amazon submits that refraining from discovery at this time will serve the interests

JOINT STATUS REPORT AND DISCOVERY PLAN – 8
Case No. 2:25-cv-00977-JLR

**HAGENS BERMAN**

of judicial economy, will conserve the Parties' and the Court's respective resources, and will not cause unfair prejudice to Plaintiffs. *See In re Amazon Prime Video Litig.*, 2025 WL 254546, at *2 (staying discovery pending resolution of Amazon's motion to dismiss); *Taylor*, 2024 WL 3346220, at *1 (same). Here, Plaintiffs have indicated that they will amend their complaint, meaning that Amazon does not yet know what claims and factual allegations Plaintiff will ultimately plead. Yet, Plaintiffs propose that the Parties proceed with discovery and they have effectively conceded that they will seek discovery that may prove unnecessary, time consuming, and costly. They note, for example, that Amazon's CDA argument would require "[d]iscovery into Amazon's involvement in the creation and/or authorization of the marketing that appears on its Product Detail Pages." But the Court may dispose of Plaintiffs' claims at the pleadings stage, such that expansive discovery into "Amazon's involvement in the creation and/or authorization of the marketing" of dozens of third-party products would be a waste of resources. And, while such discovery would create a substantial burden to Amazon, Plaintiffs offer no explanation as to how they will be harmed or suffer any prejudice at all if discovery is stayed. Refraining from discovery pending the resolution of Amazon's Motion to Dismiss an Amended Complaint will best conserve the Court's and the Parties' resources and will not prejudice Plaintiffs.

For the foregoing reasons, Amazon requests that the Court stay all discovery pending the resolution of Amazon's Motion to Dismiss and, if Plaintiffs file an Amended Complaint, Amazon's anticipated Motion to Dismiss that Amended Complaint, and order as follows:

- All discovery is stayed until: (1) the Court resolves Amazon's Motion to Dismiss the original Complaint or Plaintiffs' forthcoming Amended Complaint; and, (2) if any claims remain for adjudication after the Court's ruling on the Motion, Amazon files an answer to Plaintiffs' Complaint, Plaintiffs' Amended Complaint, or other operative complaint;

- The Parties shall confer pursuant to Fed. R. Civ. P. 26(f) within twenty-one (21) days of the filing of Amazon's answer to Plaintiffs' Complaint, Plaintiffs' forthcoming Amended Complaint, or other operative complaint regarding a proposed Joint Status Report and Discovery Plan; and

**HAGENS BERMAN**

- The Parties shall file a combined Joint Status Report and Discovery Plan as required by Fed. R. Civ. P. 26(f), Local Civil Rule 26(f), and the Court's July 10, 2025 Order (ECF No. 14) within twenty-eight (28) days of the Parties' Rule 26(f) conference.[2]

Should the Court request it, Amazon is prepared to submit a motion to stay and a proposed order reflecting the above-requested stay.

ii.    **The Parties' Proposed Schedule Absent a Discovery Stay**

In the event that the Court does not stay discovery, the Parties propose the following schedule:

| EVENT | PROPOSED DEADLINE |
| --- | --- |
| Rule 26(f) Conference | July 22, 2025 |
| Exchange of Initial Disclosures | August 7, 2025 |
| Plaintiffs file Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)(B)[3] | August 22, 2025 |
| Parties to submit (a) Stipulated Order re Discovery of Electronically Stored Information; (b) Stipulated Protective Order; and (c) Stipulated Expert Discovery Protocols, or submit to Court for resolution all outstanding disputes regarding these otherwise stipulated orders. | September 19, 2025 |
| Amazon answers or moves to dismiss Amended Complaint | September 26, 2025 |
| Plaintiffs file opposition to Amazon's motion to dismiss the Amended Complaint (if any) | October 24, 2025 |
| Deadline for agreement on Custodians and Search Terms to be reached, *or* submit to the Court for resolution any outstanding disputes on these issues. | October 30, 2025 |

---

[2] Amazon proposes that the post-stay Joint Status Report and Discovery Plan would address the topics set forth in the Court's July 10, 2025 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. (*See* ECF No. 14).

[3] While Plaintiffs' filing is beyond the 21 days permitted for an amendment as of right under Fed. R. Civ. P. 15(a)(1)(B), per the Parties' agreement that Plaintiffs' response to Amazon's Motion to Dismiss would be due on August 22, *see* ECF No. 13, Plaintiffs agree that the Amended Complaint will constitute their one amendment as of right under such section.

HAGENS BERMAN

| | |
|---|---|
| Amazon files reply in support of motion to dismiss the Amended Complaint (if any) | November 14, 2025 |
| Substantial Completion of Document Production | March 27, 2026 |
| Completion of Fact Witness Depositions | May 22, 2026 |
| Parties to Exchange Expert Reports for Affirmative Expert Witnesses on Class Certification | June 26, 2026 |
| Parties to Exchange Rebuttal Expert Reports for Rebuttal Expert Witnesses on Class Certification | July 27, 2026 |
| Completion of Expert Depositions | September 25, 2026 |
| Plaintiffs' Class Certification Motion | October 26, 2026 |
| Amazon's Class Certification Opposition and *Daubert* Motions | November 27, 2026 |
| Plaintiffs' Class Certification Reply; Plaintiffs' *Daubert* Motion(s); and Plaintiff's Opposition to any *Daubert* Motion Filed by Amazon | December 18, 2026 |
| Amazon's Opposition to Plaintiffs' *Daubert* Motion(s) and Reply in support of Amazon's *Daubert* Motion(s) | January 23, 2027 |
| Plaintiffs' Reply in support of their *Daubert* Motion(s) | February 13, 2027 |
| Hearing on Class Certification | To be set by the Court |
| Parties to Meet and Confer on proposed Joint Scheduling Order to address any issues that remain after the Court rules on Plaintiffs' Motion for Class Certification and any *Daubert* Motions | 14 days from the Court's ruling on Plaintiffs' Motion for Class Certification and *Daubert* Motions |
| Parties to Submit Joint Scheduling Order to address any issues that remain after the Court rules on Plaintiffs' Motion for Class Certification and any *Daubert* Motions | 30 days after the Court's ruling on Plaintiffs' Motion for Class Certification and *Daubert* Motions |

**HAGENS BERMAN**

| Trial Date | TBD |
|---|---|

**(C)    Electronically stored information ("ESI")**

The Parties anticipate that discovery in this case will involve production of ESI. Accordingly, the Parties agree to confer to discuss the preparation of an agreed-upon Stipulation and Proposed Order Regarding Discovery of Electronically Stored Information. The Parties agree to base any such stipulation on the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information. The Parties agree that they will submit a stipulated order for the Court's approval on or before September 19, 2025. If the Parties cannot fully agree on a stipulated order, the Parties will submit any disputes and their respective positions to the Court on or before September 19, 2025.

**(D)    Privilege issues**

The Parties agree that they will confer to discuss an agreement regarding procedures for handling the inadvertent production of privileged information and privilege waiver issues pursuant to Rules 502(d) and 502(e) of the Federal Rules of Evidence. The Parties anticipate that they will include any such agreed-upon procedures in a proposed Protective Order governing the production, discovery, and treatment of confidential material and information produced, provided, or exchanged in discovery. To the extent the Parties withhold any responsive materials on the basis of privilege or work product, they will identify those materials on a privilege log to be produced in accordance with the Court-approved Protective Order.

The Parties agree that they will submit a proposed Protective Order for the Court's approval on or before September 19, 2025. If the Parties cannot fully agree on a proposed Protective Order, the Parties will submit any disputes and their respective positions to the Court on or before September 19, 2025.

**(E)    Proposed limitations on discovery**

At this time the Parties do not propose any changes to the limitations on discovery and agree that the limits set forth in the Federal Rules of Civil Procedure and this Court's Local Civil

**HAGENS BERMAN**

1  Rules shall govern.  The Parties reserve the right to seek modification of the applicable discovery

2  limits in the future.  If one Party seeks a modification of the applicable discovery limitations, the

3  Parties agree that they will confer and attempt to reach agreement on any such modifications.  If

4  the Parties cannot agree, the Party seeking additional depositions, additional interrogatories, or

5  other modification of the applicable rules must seek leave of Court.

6       **(F)**    **The need for any discovery related orders**

7       The Parties anticipate that they will jointly prepare and submit for the Court's consideration

8  a proposed Protective Order governing the production, disclosure, and treatment of confidential

9  material and information produced, provided, or exchanged in discovery, ESI Protocols, and,

10  potentially, an Expert Discovery Protocol.  Accordingly, the Parties agree to confer and discuss

11  the scope, terms, and other issues regarding a proposed Protective Order, ESI Protocols, and an

12  Expert Discovery Protocol.  The Parties agree that the proposed Protective Order will be based in

13  whole or in part on the Western District of Washington's Model Stipulated Protective Order and

14  that the ESI Protocols will be based in whole or in part on the Western District of Washington's

15  Model Agreement Regarding Discovery of Electronically Stored Information.

16  **5.**    **Local Civil Rule 26(f)(1) Items**

17       **(A)**    **Prompt Case Resolution**

18       The Parties will litigate this case as efficiently as possible.

19       **(B)**    **Alternative Dispute Resolution**

20       At this time the Parties do not anticipate participating in alternative dispute resolution.  The

21  Parties will review ADR options in this matter as the case develops.

22       **(C)**    **Related Cases**

23       The Parties are not aware of any related cases as defined in LCR 3(g) and 3(h).

24       **(D)**    **Discovery Management**

25       To facilitate efficient discovery, the Parties agree to promptly share (within five business

26  days of receipt) any documents obtained from any third party via subpoena or other formal process.

27  *See* LCR 26(f)(1)(D)(ii).

28

**HAGENS BERMAN**

1    The Parties further propose that any discovery disputes be presented to the Court in a joint

2    letter brief that does not exceed five (5) single-spaced pages.  *See* LCR 26(f)(1)(D)(iv).

3        While regularly scheduled case management conferences may be preferable at later stages

4    of this case, the Parties' preference at this time is to request case management conferences on an

5    as-needed basis. *See* LCR 26(f)(1)(D)(iii).

6        At this time the Parties do not request assistance of a magistrate judge for settlement

7    purposes, an abbreviated pretrial order, or any other order pursuant to LCR 16(b) and (c). *See* LCR

8    26(f)(1)(D)(v)-(vii).

9        **(E)    Anticipated Discovery Sought**

10       The Parties' positions regarding anticipated discovery in this action are set forth in Section

11   4(B)1, above.

12       **(F)    Phasing Motions**

13       The Parties generally agree to phasing motions such that the Plaintiffs' Motion for Class

14   Certification and related *Daubert* motions are decided before any motions for summary judgment

15   or similar dispositive motions are briefed.  The Parties' agreements (absent a stay of discovery)

16   regarding a proposed case schedule, including the phasing of motions, are set forth in

17   Section4(B)2.ii, *supra.*

18       **(G)    Preservation of Discoverable Information**

19       The parties have agreed to take reasonable and necessary steps to preserve evidence

20    relevant to the claims and defenses in this action.

21       **(H)    Privilege Issues**

22       The Parties agree that they will confer to discuss an agreement regarding procedures for

23   handling the inadvertent production of privileged information and privilege waiver issues pursuant

24   to Rules 502(d) and 502(e) of the Federal Rules of Evidence.  The Parties anticipate that they will

25   include any such agreed-upon procedures in a proposed Protective Order governing the production,

26   discovery, and treatment of confidential material and information produced, provided, or

27   exchanged in discovery.  To the extent the Parties withhold any responsive materials on the basis

28

**HAGENS BERMAN**

of privilege or work product, they will identify those materials on a privilege log to be produced in accordance with the Court-approved Protective Order.

The Parties agree that they will submit a proposed Protective Order for the Court's approval on or before September 19, 2025.  If the Parties cannot fully agree on a proposed Protective Order, the Parties will submit any disputes and their respective positions to the Court on or before September 19, 2025.

**(I)    The nature, location and scope of discoverable ESI and whether the parties agree to adopt the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation;**

As set forth in Section 4(C), above, the Parties anticipate that discovery in this case will involve the production of ESI.  Accordingly, the Parties agree to confer to discuss the preparation of an agreed-upon Stipulation and Proposed Order Regarding Discovery of Electronically Stored Information.  The Parties agree to base any such stipulation, in whole or in part, on the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information.  The proposed ESI Protocols may differ in some respects from the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation.

**(J)    Alternatives to the Model Agreement**

The Parties agree that they will submit a proposed stipulated ESI Protocol order for the Court's approval on or before September 19, 2025.  If the Parties cannot fully agree on a stipulated order, the Parties will submit any disputes and their respective positions to the Court on or before September 19, 2025.

**(K)    The date and proposed briefing schedule for Plaintiffs' motion for class certification**

The Parties agree that, if the Court does not enter a stay of discovery pending resolution of Amazon's Motion to Dismiss, Plaintiffs' motion for class certification will be filed on October 26, 2026.  The Parties' proposed briefing schedule on Plaintiffs' motion for class certification is set forth in 4(B)2.ii above.

**HAGENS BERMAN**

**6.    Date by which Discovery Can Be Completed**

The Parties agree and propose that they meet and confer after the Court's ruling on Plaintiffs' Motion for Class Certification and related *Daubert* motions within 14 days of the Court's ruling, and submit a proposed Joint Scheduling Order addressing any further proceedings that may be necessary, including setting fact discovery and expert discovery completion dates, within 30 days after the Court's ruling on class certification and *Daubert* motions.

**7.    Bifurcation**

The Parties do not believe bifurcation is appropriate in this case.

**8.    Pretrial Statements and Pretrial Order**

At this time the Parties do not request abbreviated pretrial statements or an abbreviated pretrial order.

**9.    Individualized Trial Program or ADR**

At this time the Parties do not intend to participate in the Individualized Trial Program set forth in LCR 39.2 or the ADR options set forth in LCR 39.1.

**10.    Suggestions for Shortening or Simplifying the Case**

The Parties do not have any suggestions for shortening or simplifying the case at this time. To the extent the Parties identify threshold liability issues that may warrant prioritized treatment or other methods to shorten or simplify the case, the Parties will at such time raise those issues with the Court.

**11.    Trial**

The Parties' positions regarding a case schedule are set forth in Section 4(B)2.ii, above. The Parties agree that it is premature to assess pre-trial deadlines or a trial date before the Court resolves Plaintiffs' anticipated motion for class certification. Accordingly, the Parties respectfully submit that it would be premature to fix a trial date. The Parties propose that they provide a trial readiness date in a further Joint Scheduling Order that they would file after the Court rules on Plaintiffs' Motion for Class Certification.

**12.    Jury or Non−Jury**

**(A)    Plaintiffs' Position**

JOINT STATUS REPORT AND DISCOVERY PLAN – 16
Case No. 2:25-cv-00977-JLR

**HAGENS BERMAN**

1    Plaintiffs have requested a jury trial.

2        **(B)**    **Defendant's Position**

3    Trial, if any in this case, should be a bench trial, as the Parties waived their rights to a jury

4    trial under Amazon's Conditions of Use.  (*See* Compl. ¶ 114 (quoting choice-of-law provision in

5    the Amazon "Conditions of Use")).

6    **13.    Number of Trial Days**

7        The number of days for trial will depend on the Court's ruling on Amazon's Motion to

8    Dismiss, Plaintiffs' Motion for Class Certification, and future proceedings in this case.  The

9    Parties, therefore, respectfully submit that at this juncture, it would be premature to estimate the

10   number of trial days needed for this matter.  The Parties propose that they provide an estimate

11   length of trial in a further Joint Scheduling Order that they would file after the Court rules on

12   Plaintiffs' Motion for Class Certification and related *Daubert* motions.

13   **14.    Trial Counsel**

14       **(A)**    **Plaintiffs**

15   Steve W.  Berman
     Meredith Simons
16   1301 Second Avenue, Suite 2000
     Seattle, WA 98101
17   (206) 623-7292

18       **(B)**    **Defendant Amazon**

19   David A Bateman,
     Abraham M. Weill
20   925 Fourth Avenue, Suite 2900
     Seattle, WA  98104-1158
21   Phone: (206) 623-7580
     Fax:    (206) 623-7022
22   Email: david.bateman@klgates.com
             abe.weill@klgates.com
23
     Jennifer J. Nagle, *Pro Hac Vice*
24   Robert W. Sparkes III, *Pro Hac Vice*
     K&L GATES LLP
25   1 Congress Street, Suite 2900
     Boston, MA 02114
26   Phone: (617) 261-3100
     Fax:    (617) 261-3175
27   Email: jennifer.nagle@klgates.com
             robert.sparkes@klgates.com
28

JOINT STATUS REPORT AND DISCOVERY PLAN – 17
Case No. 2:25-cv-00977-JLR

**HAGENS BERMAN**

1
2
3
4

Loly G. Tor, *Pro Hac Vice*
K&L GATES LLP
One Newark Center, 10th Fl.
Newark, NJ 07102
Phone: (973) 848-4026
Fax:    (973) 848-4001
Email: loly.tor@klgates.com

5    **15.    Trial Conflict Dates**

6           The Parties' proposed schedule keys all merits deadlines to the Court's ruling on class

7    certification, which at this time is unknown. Accordingly, the Parties respectfully submit that it

8    would be premature to fix a trial date.

9    **16.    Service**

10          Amazon is the only defendant in this case and has been served.

11   **17.    Pretrial FRCP 16 Conference**

12          The Parties respectfully request a pretrial FRCP 16 conference prior to entry of any order

13   pursuant to Rule 16 or the setting of a schedule for this case.  Specifically, the Parties request a

14   conference to address their dispute regarding a potential stay of discovery pending resolution of

15   Amazon's Motion to Dismiss or, if Plaintiffs file an Amended Complaint, Amazon's anticipated

16   Motion to Dismiss Plaintiffs' Amended Complaint.

17   **18.    Disclosure Statements**

18          **(A)    Defendant Amazon**

19          Pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1, Amazon filed its Corporate Disclosure

20   Statement on June 6, 2025.  (*See* ECF No. 7).

21          **(B)    Plaintiffs**

22          Plaintiffs are natural persons and not corporate entities subject to Fed. R. Civ. P. 7.1 and

23   LCR 7.1.

24
25
26
27
28

**HAGENS BERMAN**

1    DATED: August 14, 2025                Respectfully submitted,

2                                          */s/ Steve W. Berman*
                                           Steve W. Berman (WSBA No. 48827)
3                                          */s/ Meredith Simons*
                                           Meredith Simons (WSBA No. 62622)
4                                          **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                           1301 Second Avenue, Suite 2000
5                                          Seattle, WA 98101
                                           Telephone: (206) 623-7292
6                                          Facsimile: (206) 623-0594
                                           steve@hbsslaw.com
7                                          merediths@hbsslaw.com

8                                          Rebecca A. Peterson
                                           **GEORGE FELDMAN MCDONALD, PLLC**
9                                          1650 West 82nd Street, Suite 880
                                           Bloomington, MN 55431
10                                         Telephone: (612) 778-9595
                                           rpeterson@4-justice.com
11
                                           *Attorneys for Plaintiffs*
12

13

14   DATED: August 14, 2025                Respectfully submitted,

15                                         */s/ David A. Bateman*
                                           David A. Bateman (WSBA No. 14262)
16                                         Abraham M. Weill (WSBA No. 58663)
                                           **K&L GATES LLP**
17                                         925 Fourth Avenue, Suite 2900
                                           Seattle, WA 98104
18                                         Telephone: (206) 623-7580
                                           david.bateman@klgates.com
19                                         abe.weill@klgates.com

20                                         Jennifer J. Nagle, *Pro Hac Vice*
                                           Robert W. Sparkes III, *Pro Hac Vice*
21                                         **K&L GATES LLP**
                                           1 Congress Street, Suite 2900
22                                         Boston, MA 02114
                                           Telephone: (617) 261-3100
23                                         jennifer.nagle@klgates.com
                                           robert.sparkes@klgates.com
24

25

26

27

28

JOINT STATUS REPORT AND DISCOVERY PLAN – 19
Case No. 2:25-cv-00977-JLR

**HAGENS BERMAN**

Loly G. Tor, *Pro Hac Vice*
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
Telephone: (973) 848-4026
loly.tor@klgates.com

*Attorneys for Defendant Amazon.com, Inc.*