UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERRIMAN BLUM,<br><br>                     Plaintiff,<br>     v.<br><br>AMAZON.COM, INC.,<br><br>                     Defendant. | CASE NO. C25-0977JLR<br><br>ORDER |

### I.   INTRODUCTION

Before the court is Defendant Amazon.com, Inc.'s ("Amazon") motion to dismiss Plaintiff Merriman Blum's amended complaint.  (MTD (Dkt. # 24); Reply (Dkt. # 26); *see* Am. Compl. (Dkt. # 20).)  Mr. Blum opposes the motion.  (Resp. (Dkt. # 25).)  The

ORDER - 1

1  court has considered Mr. Blum's complaint, the parties' submissions, and the governing
2  law. Being fully advised, [1] the court DENIES Amazon's motion to dismiss.

## II. BACKGROUND

Mr. Blum alleges that between December 2020 and April 2025 he purchased Iberia Brown Jasmine Rice (one of multiple alleged "Rice Products") from Amazon that "contained heavy metals, including arsenic and cadmium." (Am. Compl. ¶¶ 22, 25.) He further alleges that Amazon "knowingly created . . . deceptive packaging and related marketing for the Rice Products that did not disclose the presence of heavy metals," (*id.* ¶ 30), and failed to disclose to consumers that it had not adequately tested the Rice Products for such metals, (*id.* ¶ 25). Mr. Blum asserts that there are no known safe levels of heavy metals, and that Amazon's purported omissions were intended to and did cause consumers like himself to purchase products "they would not have purchased if Amazon had disclosed that the products contained heavy metals, or for which they would not have paid a premium price, or any price at all." (*Id.* ¶¶ 110, 138.)

On May 23, 2025, Mr. Blum and former plaintiff Ashley Wright filed their original class action complaint, in which they brought claims against Amazon for (1) violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86.010, *et seq.*, and (2) fraudulent concealment under Washington law. (*See generally* Compl. (Dkt.

---

[1] Both parties request oral argument. (MTD at 1; Resp. at 1.) The court concludes that oral argument will not assist with its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

# 1).) Mr. Blum filed an amended complaint on August 22, 2025. (*See generally* Am. Compl.)

On September 26, 2025, Amazon moved to dismiss Mr. Blum's claims, asserting that (1) Mr. Blum's WCPA claim fails because Amazon has no duty to disclose publicly known and easily discoverable information; (2) Mr. Blum's fraudulent concealment claim fails because Amazon has no duty to disclose; (3) Mr. Blum insufficiently pleads that he has suffered an injury; and (4) Mr. Blum insufficiently pleads his claims with particularity as required by Federal Rule of Civil Procedure 9(b). (*See* MTD at 5-18.)

### III. ANALYSIS

The court first addresses the legal standard for granting a motion to dismiss and then considers each of Amazon's arguments in turn.

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the court construes the allegations in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not accept as true legal conclusions, "'formulaic recitation[s] of the elements of a cause of action[,]'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555), or "allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences[,]" *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To satisfy Rule 9(b), "allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Although the Rule 9(b) standard is relaxed in fraudulent omission cases, *see In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1035 (W.D. Wash. Jan. 17, 2025), a plaintiff must nevertheless allege the "who, what, when, where, and how" of the alleged misconduct, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted). "In such cases, a plaintiff 'will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim.'" *In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d at 1035 (citation omitted). Rather, when claims are omission-based, a plaintiff is required to "describe the content of the omission and where the omitted information should or could have been revealed, [and] provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make h[is] purchase[s] and that failed to include the allegedly omitted information." *Krakauer v.*

*Recreational Equip., Inc.*, No. C22-5830BHS, 2024 WL 1494489, at *9 (W.D. Wash. Mar. 29, 2024) (internal quotation marks and citation omitted).

**B.     Mr. Blum states a claim under the Washington Consumer Protection Act.**

Amazon asserts that Mr. Blum fails to state a claim for a violation of the WCPA because (1) Amazon has no duty to disclose publicly known or easily discoverable information; (2) Mr. Blum does not allege that he suffered an actual injury; and (3) Mr. Blum's amended complaint does not satisfy Rule 9(b).  (*See* MTD at 5, 17-18.)  In response, Mr. Blum argues, in pertinent part, that (1) Amazon has a duty to disclose its "superior information regarding defects that are not readily ascertainable to customers[;]" (2) Mr. Blum suffered a price-premium economic injury; and (3) Mr. Blum satisfies Rule 9(b)'s particularity requirement.  (*See* Resp. at 6-10, 13-22.)  The court concludes Mr. Blum states a claim under the WCPA.

To state a claim for relief under the WCPA, Mr. Blum must allege facts showing: "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation."  *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986)).  Mr. Blum contends that Amazon's "fail[ure] to disclose that the Rice Products contain heavy metals" constitutes an unfair or deceptive act or practice under the WCPA.  (Am. Compl. ¶ 11.)

1.  <u>Mr. Blum plausibly alleges that Amazon has a duty to disclose.</u>

Under Washington law, deception-by-omission forms the basis for a WCPA violation when a seller fails "to disclose facts material to a transaction when the facts are known to the seller but not easily discoverable by the buyer." *Griffith v. Centex Real Estate Corp.*, 969 P.2d 486, 492 (Wash. Ct. App. 1998) (citing *Testo v. Russ Dunmire Oldsmobile, Inc.*, 554 P.2d 349, 358 (Wash. Ct. App. 1976)). A seller, however, is not liable for deception-by-omission when the pertinent information is posted publicly online and easily available to a consumer who chooses to look for it. *Id*.

Here, Amazon points to three documents Mr. Blum discusses in his amended complaint as evidence that information about the presence of heavy metals in rice is widely known and easily available to consumers. (*See* MTD at 6-7 (discussing two Healthy Babies Bright Futures ("HBBF") reports published in 2019 and 2025, as well as a 2018 Consumer Reports article); *see, e.g.*, Am. Compl. ¶¶ 11, 62.) Indeed, the amended complaint cites the 2025 HBBF report, which states that "for over 25 years, [rice] has . . . been recognized as a leading dietary source of arsenic[.]" (Am. Compl. ¶ 62 n.11 (citing Healthy Babies Bright Futures, What's In Your Family's Rice, (May 2025), https://hbbf.org/sites/default/files/2025-05/Arsenic-in-Rice-Report_May2025_R5_SECURED.pdf, at 6)). But evidence that some publications have reported on the presence of heavy metals in rice is not sufficient evidence that such information is widely known and easily available to consumers of Rice Products as required to defeat a WCPA claim. Construing the amended complaint in the light most favorable to Mr. Blum, the court finds that Mr. Blum has plausibly alleged that

information about the presence of heavy metals in Rice Products is not publicly known or easily discoverable.  (*See id*. ¶ 16; *see also* Resp. at 6-10.)  Thus, the court concludes Mr. Blum has plausibly alleged that Amazon has a duty to disclose.

      2.  <u>Mr. Blum plausibly alleges that he suffered an injury.</u>

To state a claim for violation of the WCPA, a party must allege "injury to a person's business or property[.]"  *Panag*, 204 P.3d at 889.  Amazon argues that Mr. Blum fails to allege an injury cognizable under the WCPA.  (*See, e.g.*, MTD at 11.)  Mr. Blum asserts a "price-premium" theory of economic injury and contends that if he had knowledge of the heavy metal content in Amazon's Rice Products, he would not have made the same purchase or would have paid less.  (*See* Resp. at 13-20 (citing Am. Compl. ¶¶ 25, 138).)  The court concludes Mr. Blum sufficiently alleges an injury that is cognizable under the WCPA.

Economic injuries are cognizable under the WCPA, but a party asserting such an injury must also allege (1) which alternative, cheaper products she would have purchased, or (2) that she spent time or money acquiring alternative products.  *Krakauer*, 2024 WL 1494489, at *7 (setting forth the pleading requirements to show an economic injury under the WCPA).  In the amended complaint, Mr. Blum sets forth which alternative, cheaper products he would have purchased.  (*See* Am. Compl. ¶ 129 (providing a short list of alternative products that are cheaper and contain lower levels of arsenic).)  Thus, the court concludes that Mr. Blum has sufficiently alleged that he suffered an actual injury.

ORDER - 7

### 3. Mr. Blum's first amended complaint satisfies Federal Rule of Civil Procedure 9(b).

Finally, Amazon argues that Mr. Blum has not satisfied the demands of Rule 9(b) because the amended complaint "provides no meaningful, nonconclusory detail about [Mr. Blum's] own purchases of a Rice Product." (MTD at 17.) Amazon asserts that to meet the requirements of Rule 9(b), Mr. Blum must (1) "specify where the product was delivered or sourced, why he believed the rice would be free of heavy metals, or what specific advertisements, statements, or claims caused his allegedly mistaken belief[,]" and (2) "describe the content of the alleged omissions beyond . . . [stating that] 'Amazon fails to disclose that the Rice Products contain heavy metals.'" (*Id*. at 18.)

Amazon's arguments do not survive scrutiny. Although Rule 9(b) imposes a heightened pleading standard for claims grounded in fraud, *Vess*, 317 F.3d at 1107, Mr. Blum meets this standard by pleading the who, what, where, why, and how of his omission-based claim. (*See* Am. Compl. ¶¶ 22-25.) Mr. Blum plausibly alleges that (1) on several occasions between December 2020 and April 2025, he purchased a Rice Product from Amazon that contained heavy metals, and (2) the information Amazon provided about the Rice Product, via the product label and any associated web content, omitted mention of the Rice Product's heavy metal content. (*Id*.) Furthermore, Mr. Blum "describe[s] the content of the omission and where the omitted information should or could have been revealed, [and] provide[s] representative samples of advertisements, offers, or other representations that plaintiff relied on to make h[is] purchase[s] and that failed to include the allegedly omitted information." *Krakauer*, 2024 WL 1494489 at *9;

(*see also* Am. Compl. ¶¶ 50-61).  Mr. Blum also (1) alleges that neither the Rice Products' packaging nor the "Product Detail Pages" mention testing for or the presence of heavy metals in Amazon's Rice Products, and (2) provides an example of one such disclosure made by the producer of a different Rice Product.  (*See* Am. Compl. ¶¶ 51-53, 124-25, 130.)  Thus, the court finds that Mr. Blum has satisfied Rule 9(b)'s particularity requirements.

Consequently, the court concludes that Mr. Blum states a claim for a violation of the WCPA.

**C.    Mr. Blum states a claim for fraudulent concealment.**

Under Washington law, to state a claim for fraudulent concealment, Mr. Blum may either plead the nine elements of fraud or show that Amazon breached an affirmative duty to disclose a material fact.  *See Schreiner Farms, Inc. v. Am. Tower, Inc.*, 293 P.3d 407, 412 (Wash. Ct. App. 2013) (citing *Crisman v. Crisman*, 931 P.2d 163, 166 (Wash. Ct. App. 1997)).  The court concludes that Mr. Blum states a claim for fraudulent concealment for the same reason it concluded that he states a claim for a violation of the WCPA.  Specifically, Mr. Blum (1) plausibly alleges a duty to disclose and an actual injury; and (2) pleads with sufficient particularity to satisfy Rule 9(b).  Consequently, the court concludes that Mr. Blum states a claim for fraudulent concealment.

**D.    Mr. Blum cannot assert a new claim in his opposition.**

Amazon contends that Mr. Blum improperly raises a new claim for affirmative misrepresentation for the first time in his opposition to the motion to dismiss.  (*See* Reply at 1-2 (citing Resp. at 5).)  The court agrees with Amazon.  A plaintiff may not amend its

pleading via its responsive brief. *See Riser v. Cent. Portfolio Control Inc.*, No. C21-5238LK, 2022 WL 2209648, at *4 n.1 (W.D. Wash. June 21, 2022); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'"). If Mr. Blum wishes to add a claim to his complaint, he may move for leave to amend in accordance with Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15 (setting forth the rules governing amendment of a complaint).

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Amazon's motion to dismiss Mr. Blum's claims for violation of the WCPA and for fraudulent concealment (Dkt. # 24).

Dated this 29th day of December, 2025.

JAMES L. ROBART
United States District Judge